UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY A. FEATHERLY,

                                        Plaintiff,

                                                                                        DECISION AND ORDER

                                                                                        10-CV-6302L

                                  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                        Defendant.
_____

**INTRODUCTION**

       Plaintiff Larry A. Featherly brings this action under 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that he is not disabled under the Social Security Act, and therefore, is not entitled to a period of Social Security disability and disability insurance benefits.

       Plaintiff originally applied for Social Security disability benefits on January 31, 2005, alleging that he had been disabled since October 31, 2004, due to post-traumatic stress disorder ("PTSD"), anxiety, depression, and paraphilia (sexual deviance). (Tr. 88).[1] Plaintiff's application was initially denied. Plaintiff then requested a hearing before an administrative law judge ("ALJ").

       The hearing was held before ALJ Nancy Lee Gregg (the "ALJ") on February 15, 2008 (Tr. 14). ALJ Gregg determined that plaintiff was not disabled under the Act (Tr. 14-29), and that

---

[1] "Tr." refers to the transcript of the administrative record.

decision became the final decision of the Commission on April 28, 2010, when the Appeals Council denied plaintiff's request for review. (Tr. 6-8). This appeal followed.

The Commissioner has moved (Dkt. #5) and the plaintiff has cross-moved (Dkt. #7) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). As discussed below, the Commissioner's decision is reversed, and the matter is remanded for further proceedings.

**FACTUAL BACKGROUND**

Familiarity with the pertinent facts, summarized below, is presumed.

Plaintiff was born January 24, 1965 and was 43 years old at the time of his hearing. (Tr. 18, 616). He has a high school education and past relevant work as a construction worker, licensed practical nurse, carpenter, rough carpenter, and form builder carpenter. (Tr. 18, 617-621).

Plaintiff's medical diagnoses, for which ample treatment records were provided to the ALJ, include cannabis and cocaine dependence (Tr. 260), depression and anxiety (Tr. 196, 325-327), and various sexual compulsions and paraphilias, including exhibitionism, a fondness for wearing diapers and strong desire to be treated as an infant by women, gender dysphoria, transvestic fetishism, and voyeurism (Tr. 234-245, 261, 360).

**DISCUSSION**

**I. Standard for Determining Disability**

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant is disabled, an ALJ employs a five-step inquiry:

> The first step determines whether the claimant is engaged in 'substantial gainful activity.' If he is, benefits are denied. If he is not engaged in such activity, the process moves to the second step, which decides whether the claimant's condition or impairment is 'severe'– i.e., one that significantly limits his physical or mental ability to do basic work activities. If the impairment is not severe, benefits are denied. If the impairment is severe, the third step determines whether the claimant's impairments meet or equal those set forth in the 'Listing of Impairments'. . . contained in subpart P, appendix 1, of the regulations. . . . If the claimant's impairments are not listed, the process moves to the fourth step, which assesses the individual's 'residual functional capacity' (RFC); this assessment measures the claimant's capacity to engage in basic work activities. If the claimant's RFC permits him to perform his prior work, benefits are denied. If the claimant is not capable of doing his past work, a decision is made under the fifth and final step whether, in light of his RFC, age, education, and work experience, he has the capacity to perform other work. If he does not, benefits are awarded.

*Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986) (citations omitted). It is well-settled that plaintiff bears the burden of proof at the first four steps of the analysis. At the fifth and final stage of this process, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in the national economy. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

**II.    The ALJ's Decision**

At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 31, 2004. (Tr. 19). The ALJ concluded that plaintiff had severe impairments, consisting of transvestic fetishism, fetishism, multiple paraphilias, not otherwise specified ("NOS"), voyeurism, sexual disorder NOS, depressive disorder NOS, and a personality disorder NOS, with features of dependence and inadequacy (rule out narcissistic personality disorder, gender identity disorder and PTSD), and dependence on cannibis and crack cocaine. (Tr. 19).

At step four, after summarizing the plaintiff's medical records and the opinions of his treating, examining and reviewing physicians, many of which were in conflict with one another, the ALJ concluded that plaintiff retained the RFC to perform the physical requirements of work at all exertional levels. She found that plaintiff is able to understand and carry out both simple and complex instructions, remember and perform both simple and complex tasks, respond adequately

to supervision and function independently on the job, and maintain a regular schedule and routine. The ALJ did find that plaintiff is limited in his ability to exercise appropriate judgment in a work setting, such that he should not be engaged in work involving health care or counseling, work which takes place around persons age 18 or younger, work which requires contact with the general public, or more than occasional interaction with coworkers  (Tr. 23).

The ALJ utilized the Dictionary of Occupational Titles and heard testimony from a vocational expert, and concluded, based on plaintiff's age, education, and work experience, that plaintiff was not disabled because he retained the RFC to perform his past relevant work as a carpenter, rough carpenter, and form builder carpenter.  Based on the same evidence, the ALJ further found that plaintiff's RFC permitted him to perform the additional jobs of hand packager, furniture cleaner, and production assembler.  (Tr. 28-29).

**III.  Standards of Review**

The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it applies the correct legal standards and is supported by substantial evidence.  42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," a district court cannot not substitute its own judgment for that of the Commissioner.  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see also Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) ("[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled.").

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law.  *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984); *accord Tejada v. Apfel*, 167 F.3d 770,

773 (2d Cir. 1999). The Court must determine if the Commissioner's decision applied the correct legal standards in finding that plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Only after finding that the correct legal standards were applied should the Court consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). "'Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.'" *Schaal*, 134 F.3d at 504 (quoting *Johnson*, 817 F.2d at 986).

**IV.    Plaintiff's Alleged Disability and the Treating Physician Rule**

To the extent that the ALJ failed to adequately discuss the weight assigned to the opinions of all of plaintiff's treating, examining and consulting physicians, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. As such, the matter must be remanded for further proceedings. I agree with the plaintiff that the ALJ erred when she failed to specify the weight afforded to each of plaintiff's treating and examining physicians, or to explain why the some of the opinions of plaintiff's treating physicians were apparently not afforded controlling weight.

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw*, 221 F.3d at 134; *see* 20 C.F.R. § 404.1527(d)(2). In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d). Further, and most significantly here, the ALJ must articulate her reasons for assigning the weight that

she does accord to both treating and nontreating physicians' opinions. *See* 20 C.F.R. §404.1527(d)(2) ("[w]e will always give good reasons in our . . . decision for the weight we give your treating source's opinion"); §404.1527(f)(2)(ii) (where treating source is not given controlling weight, "the [ALJ[ must explain in the decision the weight given to the opinions of [consulting or nonexamining physicians], as the [ALJ] must do for any opinions from treating sources . . ."). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *quoting Schaal*, 134 F.3d at 505.

While summarizing the opinions rendered by plaintiff's various treating and examining physicians and rendering conclusions based upon the record as a whole, the ALJ's decision makes scant reference to the weight given to those opinions, except to note that the opinions of a consultative examiner and state agency disability analyst "have been considered in determining the plaintiff's RFC," (Tr. 25), and to generally refer to the opinions of two of plaintiff's treating physicians as having been assigned "significant weight" and "no" weight, respectively, with only cursory discussion of the reasons therefor. With respect to the opinions of several other treating physicians contained in the record, the ALJ's opinion makes no mention of the weight assigned to them, or otherwise explain whether they are adopted or rejected.

As such, this Court is unable to assess whether the ALJ's ultimate conclusion as to plaintiff's disability was supported by substantial evidence of record. Remand is therefore necessary in order to obtain an adequate discussion of the bases for the ALJ's conclusions.

## CONCLUSION

For the reasons set forth above, plaintiff's cross motion for judgment on the pleadings (Dkt. #7) is granted, and the matter is remanded for further proceedings consistent with this Order. The Commissioner's motion for judgment on the pleadings (Dkt. #5) is denied without prejudice. Upon

remand, the Commissioner is instructed to render an opinion which includes a statement explaining why, and to what extent, the opinions of plaintiff's various physicians were accepted or rejected.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 23, 2011.