UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY A. FEATHERLY,

                              Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                         10-CV-6302L

                          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,[1]

                              Defendant.
_____

       Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #11). Pursuant to a contingent fee agreement with plaintiff providing for attorneys fees in the amount of 25% of any award recovered by plaintiff, plaintiff's counsel, Mark M. McDonald, seeks fees in the amount of $27, 543.50, which constitutes the balance of 25% of the past due benefits awarded to plaintiff.

       By Stipulation and Order dated and entered August 9, 2011 (Dkt. #10), this Court previously awarded plaintiff attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC §2412(d) in the amount of $5,215.00, plus $350.00 for costs, for a total of $5,565.00.

       The Commissioner does not oppose plaintiff's motion.

       I find that the amount of the requested fee is reasonable, in light of the character of the representation, McDonald's expertise in Social Security law, the results achieved, and the absence of any delay in the proceedings by McDonald. *See Silliman v. Barnhart*, 421 F. Supp.2d

---

[1] Plaintiff's complaint names former Commissioner of Social Security Michael J. Astrue as the defendant. Carolyn W. Colvin, the current Acting Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). In so finding, the Court has considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817 (2002).

Plaintiff was awarded approximately $133,822.00 in past-due benefits. Pursuant to the contingency fee agreement between plaintiff and McDonald, McDonald is therefore entitled to twenty-five percent of the total award for past-due benefits. (Dkt. #11-2, Exh. F). The Commissioner has withheld a comparable amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #11-2, Exhs. D, H).

CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #11) in the amount of $27,543.50 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees (Dkt. #10) to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 23, 2013.